

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*　　　　　*(973) 645-2700*
*Newark, New Jersey 07102*

KG/PL AGR
2016R00545

January 10, 2017

Anthony Joseph Iacullo, Esq.
Iacullo Martino, LLC
247 Franklin Avenue
Nutley, New Jersey 07110

Cr. 17-289 (ES)

Re:　Plea Agreement with Florian Calin Crainic

Dear Mr. Iacullo:

　　This letter sets forth the plea agreement between your client, Florian Calin Crainic ("CRAINIC"), and the United States Attorney for the District of New Jersey and the Organized Crime and Gang Section of the Criminal Division of the United States Department of Justice (collectively, "this Office"). The government's offer to enter into this plea agreement will expire on February 28, 2017 if it is not accepted in writing by that date.

Charge

　　Conditioned on the understandings specified below, this Office will accept a guilty plea from CRAINIC to a one-count Information that charges that CRAINIC conspired to commit bank fraud, contrary to Title 18, United States Code, Section 1344, in violation of Title 18, United States Code, Section 1349. If CRAINIC enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against CRAINIC for conspiring to defraud financial institutions and committing aggravated identity theft and access device fraud from in or around March 2015 through in or around July 2016. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, CRAINIC agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by CRAINIC may be commenced against him, notwithstanding the expiration of the limitations period after CRAINIC signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1349 to which CRAINIC agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine of $1,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon CRAINIC is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence CRAINIC ultimately will receive.

Further, in addition to imposing any other penalty on CRAINIC, the sentencing judge: (1) will order CRAINIC to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order CRAINIC to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order CRAINIC, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 982(a)(2); and (5) pursuant to 18 U.S.C. § 3583, may require CRAINIC to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should CRAINIC be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, CRAINIC may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on CRAINIC by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full

nature and extent of CRAINIC's activities and relevant conduct with respect to this case.

### Stipulations

This Office and CRAINIC agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or CRAINIC from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and CRAINIC waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

CRAINIC agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(2), he will consent to the entry of a forfeiture money judgment in the amount ~~of $50,529~~ [to be determined by the time of sentencing] (the "Forfeiture Money Judgment"). CRAINIC acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7).

- 3 -

*[handwritten initials: KS, MM, F.C.]*

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his guilty plea pursuant to this agreement, CRAINIC shall cause such check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date CRAINIC enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if CRAINIC fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, CRAINIC consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

CRAINIC agrees to consent to the entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. CRAINIC understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

CRAINIC represents that he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. CRAINIC agrees that if the Government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, CRAINIC consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that CRAINIC owns or in which CRAINIC has an interest be discovered, CRAINIC knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. CRAINIC further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

CRAINIC hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

- 4 -

Immigration Consequences

CRAINIC understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. CRAINIC understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. CRAINIC wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. CRAINIC understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, CRAINIC waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Organized Crimes and Gang Section of the Criminal Division of the United States Department of Justice and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against CRAINIC. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against CRAINIC.

No provision of this agreement shall preclude CRAINIC from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that CRAINIC received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between CRAINIC and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: _____
KELLY GRAVES
Assistant U.S. Attorney

_____
MARIANNE SHELVEY
Trial Attorney
Organized Crime & Gang Section

APPROVED:

_____
MARY E. TOSCANO
Chief, Organized Crime & Gangs Unit
United States Attorney's Office, District of New Jersey

_____
DAVID JAFFE
Principal Deputy Chief, Organized Crime and Gang Section
United States Department of Justice, Criminal Division

- 6 -

       I have received this letter from my attorney, Anthony Joseph Iacullo, Esq. It has been translated for me into Romanian. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 03-23-17
Florian Calin Crainic


       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 3/23/17
Anthony Joseph Iacullo, Esq.
Joshua Reinitz

## Plea Agreement With Florian Calin Crainic

### Schedule A

1. This Office and CRAINIC recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and CRAINIC nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence CRAINIC within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and CRAINIC further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is bank fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because the offense of conviction is referenced to § 2B1.1 and carries a statutory maximum term of imprisonment of twenty years or more.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(D) applies because the relevant loss amount is more than $40,000 but not more than $95,000. The offense level is therefore increased by 6 levels.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies because the offense involved 10 or more victims. The offense level is therefore increased by 2 levels.

7. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(11)(A) applies because the offense involved the possession or use of device-making equipment. The offense level is therefore increased by 2 levels.

8. Under U.S.S.G. § 3B1.2(b), CRAINIC was a minor participant in the criminal activity. This offense level is therefore decreased by 2 levels.

9. As of the date of this letter, it is expected that CRAINIC will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events

occur, and CRAINIC's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to CRAINIC is 13 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. CRAINIC knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.